
[AMENDED]

# COMPLAINT
(for filers who are prisoners without lawyers)

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

CHRISTOPHER "X" BERRY

(WALI' AL·WASI·AR·RASHEED)

v

(Full name of defendant(s))
JEAN LUTSEY, HSM;
JOANNE LABELLE, R.A.;
LISA ALLEN, M.D.;
M. JOSEPH, M.D.;
SUAVEY, M.D.;
PETERS, NURSE PRACTITIONER,;
HAIGHT, PHYSICAL THERAPIST,;
GBCI SPECIAL NEEDS COMMITTEE

Case Number:

17 - C - 551

(to be supplied by Clerk of Court)

A. PARTIES

1. Plaintiff is a citizen of __WISCONSIN__, and is located at
   (State)

   GREEN BAY CORRECTIONAL INSTITUTION; P.O. BOX 19033
   (Address of prison or jail)

(If more than one plaintiff is filing, use another piece of paper.)

2. Defendant J. Lutsey, HSM; J. LaBelle, R.A.; L. Allen, M.D.; M. Joseph, M.D.; Suavey, M.D.; Peters, N.P.; Haight, P.T.; and   (Name)
GBCI Special Needs Committee.

Complaint - 1

1) Defendant **Jean Lutsey, HSM** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution as the Health Service Manager. She can be reached via, at GBCI: P.O. Box 19033/2833 Riverside Drive; GreenBay, Wisc 54307-9033 and/or WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wisc 53707.

2) Defendant **Joanne LaBelle, R.A.** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by Wisconsin Department of Corrections as the Bureau of Health Services Reviewing Authority of Medical Complaints. She can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wis 53707.

3) Defendant **Lisa Allen, M.D.** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution as the Medical Doctor. She can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wisc 53707.

4) Defendant **M. Joseph, M.D.** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution as the Medical Doctor. She can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wisc 53707.

5) Defendant **Suavey, M.D.** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution as the Medical Doctor. She can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wisc 53707.

6) Defendant **Peters, N.P.** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution as the Nurse Practitioner. She can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wisc 53707.

7) Defendant **Haight, P.H.** ▪ at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution as the Physical Therapist. He can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison Wisc 53707.

8) **[All]** defendant's assigned in as the **GBCI Special Needs Committee Personnel** are at all times relevant to this case, was/is a citizen of Wisconsin and, was employed by GreenBay Correctional Institution and Wisconsin Department of Corrections as a Medical [approval/denial] Committee. They can be reached via, WDOC: P.O. Box 7925/3099 East Washington Avenue; Madison, Wisc 53707.

Correctional Institution.

[All] Defendants herein acted under and (outside) State Laws and, Federal Laws and, thus are being sued in their individual and official capacities respectively.

## B. STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1. Who violated your rights;
2. What each defendant did;
3. When they did it;
4. Where it happened; and
5. Why they did it, if you know.

GBCI and a consortium of its staff, supervisory as well as subject have and continues to subject plaintiff to the unnecessary wanton and Infliction of pain knowingly, willfully, intentionally and capriously; thus violating his 8th Amendment protected rights to the U.S. Constitution...

1) Plaintiff has a mild form of scoliosis.

2) Plaintiff has been incarcerated 26 yrs. and, didn't learn about his condition of mild scoliosis until he noticed a sharp pain in his low spine (after) his incarceration.

3) Plaintiff for his chronic lower back pain History, was prescribed certain medical restrictions to help reduce the amount of pain he sufferred or, experienced.

4) Those medical restrictions were "low bunk, back brace, hot & Cold treatments, extra mattress/ pillow, and special arch heel supports velcro shoes."

5) In addition to these medical restrictions (ut supra), Plaintiff was prescribed an muscle relaxer and, naproxen 500 mg. or, extra strength tylenol and, meloxicam 7.5 mg.., as well as muscle rub.

6) After spending 10 yrs. at WSPF under the medical care of Dr.Burton Cox, who was the first MD to put <u>all</u> the medical restrictions in place that kept plaintiff's pain at an tolerable rate.

7) Plaintiff was transferred to CCI where he would be under the medical care of two (2) doctors i.e., Dr.Suliene and, Dr.Hoffmann.

8) Both of these MD's kept the restrictions of doctor Cox's in place because, obviously plaintiff wasn't complaining of being in any sharp pain, which ■ indicated the restrictions were working at reducing pain.

9) After 2 yrs. at Columbia Correctional Institution (CCI) under the care of both staffed MD's with next to no complaints of excruciating pain, plaintiff was transferred back to Wisconsin Secure Program Facility (WSPF) for one (1) year.

10) The same medical restrictions as mentioned (ut supra) (5) remained in place.

11) After a year, plaintiff was returned back to C.C.I and, again had the same medical restrictions kept in place.

12) A year passed and, plaintiff was once again transferred out to GreenBay Correctional Institution (G.B.C.I); this time in Nov. 18, 2015.

13) After just two (2) months of being at G.B.C.I, plaintiff was in conflict with Health Services staff beginning with the nurses who kept plaintiff from being able to see medical doctor Suavey, who had [discontinued] every medical restriction that was necessary for [alleviating] his chronic lower back pain as it relates to his scoliosis.

14) The nurses would set-up sick call appt's only to ■ tell plaintiff there was [nothing] that they could do, since they weren't doctors, which is (why) plaintiff (should've) been allowed to see MD Suavey. I; the plaintiff was returned to his cell in acute pain.

15) Due to the [discontinuance] of necessary medical restrictions, which plaintiff believe's was at the nurses behest esp. Nurse Jean Lutsey, as Health Services Manager, (everything goes through her).

16) Plaintiff filed more than an dozen medical complaints with the ICRS 1st & 2nd steps, the warden directly and, to the Health Service Manager., Defendant Jean Lutsey, to (no) avail.

17) Plaintiff was finally scheduled to see MD Suavey and, was told (in writing) it would be soon.

18) Days turned into weeks and, weeks turned into months, of plaintiff waiting to be seen by MD Suavey regarding his medical restrictions and, [ongoing] excruciating low back pain that which was exasercbated as an direct result of the [unjustified] discontinuance of [all] necessary medical restrictions.

19) While the nurses at GBCI were continuing to employ the hoaxes, ruses and, shams by telling plaintiff in writing that he was still scheduled to see ████████████████ the MD Suavey and, that it would be soon; Plaintiff had learned via, ICE on an compaint he filed, that GBCI was [without] any MD and, that they were looking for a medical doctor.

20) Whether it inadvertently slipped out or, was deliberate, the ICE armed plaintiff with this very useful information that HSU staff esp. Defendant's Jean Lutsey and, Joanne LaBelle of the BHS, kept secreted, that GBCI had (no) MD.

21) MD Suavey had [discontinued] (all) plaintiff's necessary medical restrictions and, then handed in her resignation and, Defendants Jean Lutsey and, BHS R.A., Joanne LaBelle both knew this at the time and, Covered each other by lying on ICI, saying, "plaintiff was receiving Health Care" when clearly he wasn't.

22) It was literally months before GBCI hired a new MD, Lisa Allen and, another MD, Joseph a little later but, even after she was hired, it would be months again before plaintiff would be able to see the new MD for his condition and, pain.

23) Plainttiff was subjected to the unnecessary wanton and infliction of pain for months.

24) As a result of the unjustified [discontinuance] of all of his necessary medical restrictions; plaintiff was compelled to jump up and down from his "top bunk", when he was supposed to of been "low bunk" and, this was an excruciating experience to say the least on his spine.

25) Plaintiff was compelled to walk long distances without the aid & assistance of special Arch heel velcro support shoes that absorbed most of the shock that came with walking.

26) Defendant's J. Lutsey and, J. LaBelle are complicit by way of having prevented both doctor's Suavey and, the (new) doctor Lisa Allen from prescribing plaintiff with the special shoes he previously had and, was in need of.

27) MD Suavey is [liable] to plaintiff for [discontinuing] necessary medical restrictions at the behest of RN, nurses and, on unsupported basis's of (no medical indication), inspite of plaintiff's long medical documented History.

28) Everywhere a medical restriction was discontinued by defendant Suavey, she wrote, (no medical indication) to justify removing the restriction.

29) There is a such thing as "shock absorbent medical shoes." Four (4) MD's obviously seen a (need) for special shoes, low bunk, back brace, ICE & HOT treatments, Gel insoles and, an extra pillow or, mattress vs's doctor Suavey who obviously is the only MD who didn't.

30) Plaintiff was finally sent to several offsite pain clinics to have an EMG and, other tests performed as an follow-up to his ongoing complaint's of excruciating pain.

31) The results of those findings to this date still hasn't been decoded and interpreted for plaintiff by either MD at GBCI but, Plaintiff concluded (must) support plaintiff's complaint's of excruciating pain and, that pain continue's and, plaintiff is entitled to be compensated for his pain & sufferring where the Court finds it unnecessary wanton and, infliction of pain.

32) The tests performed on plaintiff by off-site clinics was extremely painful, to include electric shocks, needle puncture etc. and, plaintiff has had (all) of his previous medical restrictions restored fully with the last, being the special shoes.

33) Plaintiff also has an ongoing numbness in his right shoulder that (nothing) has been done about. A-gain plaintiff has been denied a MD.

34) Plaintiff has recently had an EMG test performed off-prison grounds by Brett J. Malo, MD and, learned his condition has worsen.

35) Plaintiff was told by GBCI's Physical Therapist that his EMG report shows an C5 Pinched Nerve in his neck causing his right arm to be [indefinitely] numbed and, excruciating pain in his neck whenever he turns his head right or left.

36) When Plaintiff requested an low-tier restriction to accommodate his condition, he was told by both this Physical Therapist and, Nurse Practitioner and, J. Lutsey that he didn't warrant such an restriction.

37) On ICRS record, Nurse Practitioner adamantly stated that this plaintiff didn't have an C5 Pinched Nerve in his neck contradicting GBCI's Physical Therapist who stands by his word that plaintiff does has an C5 Pinched Nerve, thus [refuting] GBCI's Nurse Practitioner.

38) In the middle of this fued and, serious conflict between two (2) GBCI's medical staff is plaintiff whose in [serious] constant [low back pain] and, also at further risk of harming himself more due to unqualified medical staff and, the lack of medical care/treatment or, accommodating medical restrictions.

39) Plaintiff has been subjected to eating just one (1) meal a day from 4-11-17 til this date due to having to choose between walking to the chow-hall and standing in long lines and, sitting on steal stools for long durations of (20 minutes), which [all] causes him immense pain in his low spine or, (not) eating at all except for the one (1) meal everyone eats within their cells at lunch time.

40) All of the defendants above named are complicit in denying plaintiff an "medical feed cell restriction".

41) Plaintiff has loss an immense amount of weight since 4/11/17 due to these defendants actions.

42) No medication that has been prescribed to plaintiff has had any impact on his excruciating low back, arm or neck pain...

43) Nurse Practitioner, Peters has told this plaintiff in a face-to-face consultation to, "Tough it out!" when he requested an 'lower tier medical restriction', which she later retracted/denied on ICI record.

44) Plaintiff just received an memo dated 5-8-17, where defendant Jean Lutsey, once again out of clear retaliation, discontinued his medical ICE bag that he was prescribed by more than Four (4) medical doctors as part of his hot/cold medical treatment.

45) Defendant J. Lutsey was notified by plaintiff that the unit security staff was failing to give him his medical ICE bag at bed-time, that he gets 3x a day.

46) Defendant J. Lutsey's response was to discontinue an ICE restriction plaintiff has had for years, just to appease unit security staff, who now doesn't have to give him ICE at all.

47) GBCI Special Needs Committee Personnel (made-up) with HSU Personnel, Food Service Administrater, and security personnel, who [all] makes the decision onto the medical needs (approval or denial) restriction.

48) Plaintiff has been scheduled to see an off-site clinic to have an MRI performed for nearly an month now obviously with [no] real intent of having this MRI conducted.

[All] added defendants some of which no longer work at GBCI but, who can still be reached via, WDOC at 3099 East Washington Aveune; P.O. Box 7925; Madison, Wisconsin 53707 or, 53701.

## C. JURISDICTION

**I am suing for a violation of federal law under 28 U.S.C. § 1331**

## D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

The plaintiff has suffered immense pain unnecessarily and, it was malicious, sadistic and, w/ complete disregard for his Eight Amendment Rights to be free from **Cruel & Unusual** punishment and, believes the Jury (should) compensate him in the amount of $150,000, per defendant.

The amount of time it took to see a MD [after] defendant Suavey left and, [after] the hiring of MD Lisa Allen and MD Joseph, et al.; Plaintiff ask's the Court to award him punitive damages in the amount of $75,000, per defendant.

Plaintiff ask's the Court to compel the State to pay (all) Court costs, filing and, Attorney fee's incurred separately as the penalty for this case having to be brought to Court for resolution.

Due to the Medical Nature, complexity of the issues and, the (need) for expert testimony, as well as plaintiff being an layman in the law, request

is for the Court to appoint an effective lawyer to assist plaintiff.

That this Court Orders defendants to notify (all) of its inmate population via, electronic menu whenever GBCI is without a medical doctor. See GBCI-2017-3832.

E. Jury Demand

"Yes", I want a jury to hear my case.

I declare under penalty of perjury that the foregoing is true and, correct. Complaint signed this 23rd day of May, 2017.

Respectfully Submitted,

*Mr. Christopher X Brown*
Signature of Plaintiff

219210
Plaintiff's Prisoner ID Number

P.O. Box 19033

Green Bay, Wisconsin 54307
(Mailing Address of Plaintiff)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FULL FILING FEE**

I [DO] request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Full Filing Fee form and have attached it to the complaint.