UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER BERRY,

    Plaintiff,

  v.                                        Case No. 17-C-551

JEAN LUTSEY,
MARY SUAVEY,
JOANNE LABELLE,
LISA ALLEN,
M. JOSEPH,
NURSE PRACTITIONER PETERS,
HAIGHT, and
GBCI SPECIAL NEEDS COMMITTEE,

    Defendants.

## SCREENING ORDER

    The plaintiff, Christopher Berry, who is incarcerated at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On May 18, 2017, Berry filed a motion to amend information. The court denied Berry's motion because it did not comply with the Federal Rules of Civil Procedure and local rule governing the amendment of pleadings. The court advised Berry that he could file a motion for leave to amend and that he should attach a proposed amended complaint to the motion. Berry has complied with the court's order and his motion to amend the complaint is granted pursuant to Federal Rule of Civil Procedure 15. This matter comes before the court for screening Berry's amended complaint. Also pending before the court are Berry's motions to proceed without prepaying the full filing fee, for an extension to pay the initial partial filing fee, and to appoint counsel.

**A. Motion for Leave to Proceed Without Prepayment of the Filing Fee**

Plaintiff is required to pay the $350.00 statutory filing fee for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing fee of his complaint, as required under 28 U.S.C. § 1915(a)(2), and had been assessed and paid an initial partial filing fee. Berry has also filed two motions for an extension of time to pay the initial partial filing fee. He has since paid the initial partial filing fee of $3.58. As such, Berry's motion to proceed *in forma pauperis* will be granted and his motions for an extension of time will be denied as moot.

**B. Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

570). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Berry claims he suffers from a mild form of scoliosis. Because of this condition, doctors at the Wisconsin Secure Program Facility prescribed certain medical treatment to reduce the amount of pain he experienced, including a lower bunk restriction, a back brace, hot and cold treatments, an extra mattress and pillow, and supportive velcro shoes. Berry alleges these restrictions have followed him throughout his transfers to various Wisconsin Department of Corrections institutions for approximately thirteen years. Once he was transferred to Green Bay Correctional Institution (GBCI), however, he alleges Dr. Suavey and Jean Lutsey, the Health Services Manager, discontinued the medical restrictions. Berry alleges he was unable to make an appointment with a doctor who could reinstate them. He filed more than a dozen medical complaints with the Inmate Complaint Review System, the Warden, and defendant Lutsey with requests to see a doctor regarding the discontinuance of the restrictions. He asserts he did not see a doctor for many months because Dr. Suavey had left GBCI, and the Health Services Unit had not found a replacement. He alleges he endured excruciating low back pain and an ongoing numbness in his right shoulder during this time.

HSU ultimately sent Berry to several offsite pain clinics for tests regarding his ongoing complaints of pain. Berry alleges an EMG revealed his condition had worsened. After reviewing the EMG, GBCI's Physical Therapist Haight informed Berry that he had a pinched nerve in his neck which caused his right arm to go numb. Based on these findings, Berry requested a low-tier

3

restriction to accommodate his condition. However, Nurse Practitioner Peters and HSU Manager Lutsey concluded his condition did not warrant this restriction because Peters determined Berry did not have a pinched nerve.

Berry asserts the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. The Eighth Amendment prohibits "cruel and unusual punishments" and imposes a duty on prison officials to take reasonable measures to guarantee an inmate's safety and to ensure that the inmate receives adequate medical care. *Farmer v. Brennan*, 511 U.S. 823, 832 (1994). Prison officials violate the Constitution if they are deliberately indifferent to a prisoner's serious medical needs. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). To state a claim based on deficient medical care, a plaintiff must demonstrate that he had an objectively serious medical condition and that the defendants were subjectively aware of and consciously disregarded that condition. *Id.* at 837. A medical need is considered sufficiently serious if the inmate's condition "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (citations omitted).

Berry claims defendants Lutsey and LaBelle prevented GBCI's doctors from prescribing restrictions to reduce the pain he suffered in connection with his scoliosis and repeatedly delayed his access to proper medical care for several months. Based on the deliberate indifference standard, Berry has adequately plead facts to state a claim that Lutsey and LaBelle were deliberately indifferent to his serious medical needs.

He also asserts all of the defendants were deliberately indifferent in discontinuing his medical restrictions and refusing to reinstate them. Here, I conclude that the complaint at least minimally sets

4

forth a claim of deliberate indifference against defendants Lutsey, LaBelle, Suavey, and Peters for failing to accommodate his requests for restrictions. Indeed, the facts may lend themselves more to a negligent claim, which is not actionable under § 1983. *See id.* But at this early stage in the case, the court will allow Berry's claim to proceed against these defendants.

However, Berry has not sufficiently alleged a deliberate indifference claim as to defendants Allen, Joseph, Haight, and the GBCI Special Needs Committee. The complaint does not contain any allegations that these defendants were aware of Berry's requests for medical restrictions or any other medical treatment. In assessing an Eighth Amendment claim, the standard is not whether the defendants should have known that the plaintiff needed certain medical care, but rather whether they actually knew of the plaintiff's need and were deliberately indifferent to it. *See Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) ("The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk."). In other words, defendants Allen, Joseph, Haight, and the Special Needs Committee cannot be held liable for disregarding a serious medical need or his requests for medical restrictions about which they had no knowledge. Therefore, they must be dismissed from this action.

Finally, Berry asserts Lutsey retaliated against him by discontinuing his ice bag. To prevail on a First Amendment retaliation claim, Berry must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in Lutsey's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Here, Berry does not identify what protected activity motivated Lutsey to discontinue his ice bag. He also does not allege that denying an individual's access to an ice bag is a form of

deprivation that would deter protected activity in the future. In short, Berry fails to state a retaliation claim against Lutsey. In sum, Berry may proceed on his claims of deliberate indifference against defendants Lutsey, LaBelle, Suavey, and Peters.

**C. Motion to Appoint Counsel**

Berry also moves for appointment of counsel. The legal standard for deciding motions to recruit counsel under § 1915(e)(1) in the Seventh Circuit requires the district court to consider the difficulty of the case and the *pro se* plaintiff's competence to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Under the *Pruitt* standard, Berry has failed to demonstrate a need for court-recruited counsel. He has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to litigate this action himself. Berry asserts he has limited access to the law library and no formal training in the field of law. A lack of legal training, however, is not sufficient to justify appointment of counsel. Were this the case, every *pro se* litigant would be entitled to free legal representation. Moreover, the difficulty of this case—factually and legally—does not exceed Berry's capacity to litigate this action. In short, there is nothing in the record to suggest that Berry does not have the same competence to represent himself as the vast number of other *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take his case on a contingent fee basis. Accordingly, Berry is not entitled to court-recruited counsel at this time. This denial is without prejudice, and Berry may ask the court again at a later stage in the litigation to consider recruiting counsel.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend his complaint (ECF No. 19) is **GRANTED**. The Clerk of Court is directed to detach and e-file the amended complaint (ECF No. 19-2) as well as the exhibits attached to it (ECF No. 19-3).

**IT IS ALSO ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for an extension of time (ECF Nos. 11 and 12) are **DENIED as moot**.

**IT IS ALSO ORDERED** that the plaintiff's motion to appoint counsel (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Allen, Joseph, Haight, and the Special Needs Committee are **DISMISSED**.

**IT IS ALSO ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $346.42 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is

transferred to another institution, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If the plaintiff is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**SO ORDERED** this  5th  day of June, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
