UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER BERRY,

    Plaintiff,

v.              USDC Case No. 17-C-551

                USCA Case No. 18-2614

JEAN LUTSEY, *et al.*,

    Defendants.

---

**ORDER**

---

On July 19, 2018, the Court issued an order granting the Defendants' motions for summary judgment and dismissed this action. ECF No. 118. Plaintiff, a prisoner proceeding *pro se*, subsequently appealed the decision. ECF No. 127. The case is before the Court on two motions Plaintiff has since filed: a "Motion of Enforcement" (ECF No. 138) and a "Motion Compelling Defendants To Approve Legal Loan" (ECF No. 136). Though it is not entirely clear, it appears that the first motion seeks enforcement of the court's order authorizing payment of Plaintiff's initial partial filing fee for his appeal from his release account. The amount assessed should be paid to the Clerk of the District Court. Fed. R. App. P. 3(e). The second motion seeks approval of a legal loan. From the attached disbursement requests, it appears Plaintiff seeks funds for postage for materials he seeks to send to a law firm, the Wisconsin Department of Corrections, and the Court of Appeals.

In general, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S.

56, 58 (1982). Payment of the initial partial filing fee is not an aspect of the case at issue in the appeal, and the court has already authorized payment of Plaintiff's initial partial filing fee from his release account. Absent any additional requirement of which the court is unaware, the disbursement officer at GBCI should forward the amount determined, $1.20, to the Clerk of the United States District Court for the Eastern District of Wisconsin .

"[A] prisoner has no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (internal quotations and citations omitted). Prisoners do not have a legal entitlement to a loan, and it is "wholly within the Department of Corrections' authority to grant or deny the loan," so long as it is not denied for malicious reasons. *Johnson v. Baenen*, 2013 WL 1130459 at *4 (E.D. Wis. 2013). Here, based on the copies of disbursement requests submitted by Plaintiff, his requests for a legal loan were denied, at least in part, because he did not include addressed envelopes, in addition to there being no approval for his appellate case number on file.

Regarding any extent to which the loan was denied because prison officials did not have relevant documents from the Court, they are directed to the Court's order (ECF No. 136) granting Plaintiff's motion in part directing the payment of his initial partial filing fee for his appeal to be paid out of his release account, as well as the notice of docketing (ECF No. 127) of Plaintiff's appeal to the Seventh Circuit that lists his appellate case number as 18-2614.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's "Motion Compelling Defendants To Approve Legal Loan" (ECF No. 139) and "Motion of Enforcement" (ECF No. 138) are **DENIED**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that a copy of this order be sent to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated this  28th  day of August, 2018.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court